UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| ERIC KRIEG, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:24-CV-37-CHB |
| ) | |
| v. ) | |
| ) | |
| WARDEN, USP-MCCREARY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

*** *** *** ***

In October 2023, federal inmate Eric Krieg filed in this Court two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which were docketed in a single action as the result of an apparent administrative error. *See Krieg v. Warden, USP-McCreary*, No. 6: 23-CV-187-KKC (E.D. Ky. 2023) ("*Krieg I*"), [R. 1 therein]. One petition challenged prison officials' calculation of his sentencing credits, *see* [R. 1 therein], while the other complained that the prison law library did not include state legal materials, *see* [R. 1-2 therein]. The Court dismissed the action without prejudice, noting that the two issues must be raised separately, the first in a properly filed (and fee accounted-for) Section 2241 petition, the second in a separate (and fee accounted-for) civil rights action. *See* [R. 4 therein].

Krieg filed a motion for reconsideration on numerous grounds. Among them, he argued that his library sufficiency claim should be cognizable in habeas and that the Sixth Circuit precedent was wrong to indicate otherwise. Krieg asked that his library claim be given a separate case number so that he could appeal the dismissal of it. *See* [R. 5-8 therein]. The Court denied relief but sent Krieg numerous blank civil rights and habeas corpus forms so that he could attempt to pursue his claims as he saw fit. *See* [R. 6 therein].

Krieg recently reasserted his claim regarding sentencing credits in a new Section 2241 petition, which the undersigned has denied as substantively without merit. *See Krieg v. Warden, USP-McCreary*, No. 6: 24-CV-33-CHB (E.D. Ky. 2024) [R. 1, R. 6 therein].

Krieg has now reasserted his law library claim in this action, albeit again in a habeas corpus petition under Section 2241 rather than in a civil rights action as Judge Caldwell suggested. [R. 1]. Krieg complains that while he has access to computer-assisted legal research at the prison law library, the Bureau of Prisons's subscription does not include access to state legal materials. This, he complains, impedes his ability to adequately conduct research for his appeal of the recent denial of relief under 28 U.S.C. § 2255. *See* [R. 1-2, pp. 1–3].

The Court will deny the petition for the same reasons already given: because Krieg's claim relates solely to the conditions of his confinement, not its fact or duration, it is not cognizable in a § 2241 petition. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). Krieg was incorrect when he previously asserted that this is merely the Sixth Circuit's view, suggestive of a circuit split. *See Krieg I*, [R. 5, pp. 5–6 therein]. This rule was established long ago by the Supreme Court of the United States. *See Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). Federal courts in both the First Circuit (in whose territorial confines Krieg was convicted and first confined) and the Sixth Circuit have therefore consistently held that challenges to the sufficiency of the prison law library are not cognizable in a § 2241 petition. *See Phelps v. Grondolsky*, No. 11-CV-10231-MLW, 2011 WL 1575507, at *1

(D. Mass. Apr. 26, 2011); *LeBlanc v. Rhode Island*, No. 10-CV-489 ML, 2011 WL 1790824, at *4 (D.R.I. Apr. 29, 2011), *report and recommendation adopted*, 2011 WL 1790813 (D.R.I. May 10, 2011); *LaPine v. Chapman*, No. 20-CV-11809, 2021 WL 2253533, at *1 (E.D. Mich. May 6, 2021).

Krieg also previously argued that habeas cognizability is necessary in order to avoid depriving him of any remedy in light of recent Supreme Court precedent reiterating the limited scope of the remedy found in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  *See Krieg I*, [R. 5, pp. 6–7 therein].  Krieg is right to be concerned that *Bivens* does not provide a damages remedy for his claim.  *See generally Egbert v. Boule*, 142 S. Ct. 457 (2021).  But damages is not what Krieg asks for: he asks the Court **only** to "ORDER (sic) the BOP to provide state case law resources via the LEXIS they already provide." [R. 1, p. 8].  Not even since its inception has a *Bivens* remedy been necessary to obtain the relief Krieg seeks, so its unavailability does not deprive him of anything.  As this Court has explained in a similar context:

> Hower asserts that he may (or must) pursue a *Bivens* claim against the defendants in their official capacity because he seeks injunctive relief rather than monetary damages.  But sovereign immunity bars *Bivens* actions against the United States or its agencies, not only those seeking damages but also to claims seeking declaratory or injunctive relief.
>
> The Supreme Court has made plain that the extension Hower seeks would contravene both the holding and purpose of *Bivens*. [*Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001)] at [74] (". . . unlike the *Bivens* remedy, which we have never considered a proper vehicle for altering an entity's policy, injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally.").  Instead, the appropriate means to obtain injunctive relief to restrain federal officials from ongoing violations of federal constitutional rights is a claim directly under the Constitution. The Court possesses subject matter jurisdiction over such claim pursuant to the general federal question statute, 28 U.S.C. § 1331, and the plaintiff may seek injunctive relief against the federal agency or officer pursuant to 5 U.S.C. § 702.

- 4 -

*Hower v. Damron*, No. 0:20-CV-53-WOB, 2021 WL 4449980, at *3 (E.D. Ky. Sept. 28, 2021) (cleaned up; citations omitted), *aff'd*, No. 21-5996, 2022 WL 16578864 (6th Cir. Aug. 31, 2022).

Because Krieg may not assert his conditions of confinement claim in this habeas proceeding, the Court will deny the petition so that he may assert it in an appropriate proceeding. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Accordingly, the Court **ORDERS** as follows:

1. Eric Krieg's petition for a writ of habeas corpus **[R. 1]** is **DENIED**.

2. All pending motions are **DENIED** as moot.

3. This matter is **STRICKEN** from the docket.

This the 20th day of March, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY